IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JONES<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, SONOMA COUNTY PUBLIC DEFENDER'S OFFICE (FABIOLA MANAI IN HER OFFICIAL CAPACITY), CITY OF SANTA ROSA, AND SANTA ROSA POLICE DEPARTMENT (SERGEANT MATT NORTH IN HIS OFFICIAL CAPACITY)<br><br>        Defendants. | Case No. 23-cv-02730-CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Pro se plaintiff Christine Jones ("Plaintiff") sued the County of Sonoma, the Sonoma County Public Defender's Office, and Fabiola Manai, in her official capacity (collectively, the "County Defendants"), as well as the City of Santa Rosa, the Santa Rosa Police Department, and Sergeant Matthew North, in his official capacity (collectively, the "City Defendants," and all together, the "Defendants"), alleging that the Defendants' failure to share body camera footage related to Plaintiff's son's arrest was a violation of her due process rights and an obstruction of justice. See Compl. (dkt. 1) at 6–7.

Both the County Defendants and City Defendants move to dismiss. See County Mot. (dkt. 13); City Mot. (dkt. 16). For the reasons described below, the Court GRANTS both motions.

I.  BACKGROUND

A.  Factual Allegations

This case stems from events involving the arrest of, and alleged excessive use of force against, Plaintiff's son, Jeremy Johnson ("Johnson"). Compl. (dkt. 1) at 4. On November 24, 2022, officers with the Santa Rosa Police Department arrested Johnson for two misdemeanor offenses. Id. During that arrest, Plaintiff alleges that "two officers held her son down to handcuff him" while another officer "punched [him] in the head." Id. She further alleges that as a result of this "felonious assault," her son was knocked unconscious, had to be taken to the hospital, and could have been killed. Id. at 5–6. Johnson was appointed a public defender, Fabiola Manai ("Manai"), to represent him for the two misdemeanor charges. Id.

Following the arrest, Plaintiff wanted to file suit against the officers who she alleges used excessive force against her son. Id. To support her suit, she sought the body camera footage of Johnson's arrest. Id. So, she drafted, and had Johnson sign, a power of attorney, which included a request to see the body camera footage. Id. She mailed the power of attorney to Manai at the Sonoma County Public Defender's Office, as well as to the Santa Rosa Police Department. Id.

On March 7, 2023, Plaintiff alleges that she called the Public Defender's Office to request the footage. Id. Plaintiff asked for Manai, but she did not answer, so Plaintiff left a voicemail. Id. at 4–5. In that voicemail, Plaintiff allegedly reminded Manai that she mailed the power of attorney to Manai and asserted that she still wanted to see the body camera footage of her son's arrest. Id. Plaintiff alleges that she never received a response from either Manai or the Public Defender's Office, and that they never acknowledged the power of attorney. Id. at 5.

On March 8, 2023, Plaintiff received a call and voicemail from Sergeant Matthew North ("Sergeant North") from the Santa Rosa Police Department. Id. In his message, Sergeant North allegedly asked Plaintiff what he should look for in the body camera footage. Id. Plaintiff called him back and left him a message, telling him that her son got

1  punched in the head and knocked unconscious and had to be taken to the hospital. Id.
2  Although it is unclear how, Plaintiff alleges that Sergeant North "started to deter her" by
3  having two different women at the police department call to "[give] [her] the run around."
4  Id. To this day, Plaintiff has not been given access to the body camera footage. Id.

Plaintiff appears to bring claims for (1) a due process violation under 42 U.S.C. § 1983; and (2) obstruction of justice under 18 U.S.C. § 1503.[1] For her section 1983 claim, Plaintiff alleges that she was "owed reasonable cooperation from both agencies" because her son executed a power of attorney that gave her a legal right to access the footage in connection with his arrest. Id. at 6. She further alleges that the lack of response to the request in her power of attorney "demonstrates a blatant disregard for the law." Id. And she alleges that by trying to deter her from viewing the body camera footage "by non-action," the Defendants' conduct amounts to a Fourteenth Amendment due process violation. Id.

As to her obstruction of justice claim, Plaintiff alleges that the Public Defender's Office and the Santa Rosa Police Department "purposeful[ly] obstruct[ed]" her from being able to view the footage, which "amounts to [a] deliberate obstruction of justice" because "both agencies . . . knew or should have known" that she was requesting the camera footage to file a legal action "against the officers for excessive use of force." Id. at 6–7.

### B. Procedural History

Plaintiff filed suit on May 30, 2023. Id. at 1. The County Defendants filed their motion to dismiss on July 10, 2023. See County Mot. The City Defendants filed a motion to dismiss of their own on July 17, 2023. See City Mot. Plaintiff filed oppositions to both motions. See County Opp'n (dkt. 19); City Opp'n (dkt. 20).[2] The County Defendants

---

[1] Plaintiff also makes mention of "evidence tampering" in her complaint but includes no allegations related evidence tampering, nor does she discuss this claim in her opposition to Defendants' motion to dismiss. See Compl.; County Opp'n; City Opp'n. Therefore, the Court construes her mention of "evidence tampering" as an allegation in support of her section 1983 and obstruction of justice claims.

[2] On August 2, 2023, this Court mistakenly issued an order to show cause, unaware that Plaintiff had already filed her oppositions. See Order to Show Cause (dkt. 21).

United States District Court
Northern District of California

filed a reply on August 11, 2023.  See County Reply (dkt. 24).

## II.  LEGAL STANDARD

### A.  Standing

"The doctrine of standing limits federal judicial power."  Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1108 (9th Cir. 2003).  The question of whether plaintiffs have standing "precedes, and does not require, analysis of the merits."  Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008).  "[S]tanding . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [and] [is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

To have standing, a plaintiff must establish that (1) they have suffered an injury-in-fact, (2) their injury is traceable to a defendant's conduct, and (3) their injury would likely be redressed by a favorable decision.  See Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560–61 (1992).  Each of these elements must be supported "with the manner and degree of evidence required at the successive stages of the litigation."  Id. at 561.  A plaintiff "must have standing to seek each form of relief requested in the complaint."  Town of Chester v. Laroe Estates, Inc., 137 S. Ct. 1645, 1651 (2017).

### B.  Failure to State a Claim

Under Rule 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Courts may base dismissal on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (cleaned up).  A complaint must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Bell Atlantic v.

1  Twombly, 550 U.S. 544, 555 (2007)).

2    Pro se pleadings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (noting that "pro se pleadings are liberally construed, particularly where civil rights are involved"). But a liberal interpretation "may not supply essential elements of the claim that were not initially pled." Pena v. Gardener, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

  If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

### III. DISCUSSION

  First, the County Defendants argue that Plaintiff lacks standing to bring both claims. County Mot. at 11. Second, the County Defendants and the City Defendants argue that, even assuming she has standing, Plaintiff fails to state a claim for a due process violation under 42 U.S.C. § 1983 because, among other reasons, Plaintiff has not alleged a violation of a constitutional right. County Mot. at 13; City Mot. at 8. Third, the County Defendants and the City Defendants argue that Plaintiff has failed to state a claim under 18 U.S.C. § 1503 because it is a criminal statute that does not provide a civil cause of action, and even if it did, Plaintiff has not alleged the elements of the claim. County Mot. at 15–16; City Mot. at 13.[3]

---

[3] The County Defendants also argue that Plaintiff's suit should be dismissed because she filed her opposition a week late. County Reply at 1; see Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (noting that district courts can impose sanctions, including dismissal, as part of the inherent power to control their dockets). Given that Plaintiff is pro se, and that she filed her opposition just one week late, the Court declines to take such drastic action.

United States District Court
Northern District of California

A.	Standing

The County Defendants argue that Plaintiff does not have standing to bring a claim based on the Public Defender's failure to give her the body camera footage from her son's criminal defense file. County Mot. at 11 (citing Allen v. Wright, 468 U.S. 737, 750–51 (1984)). This is because, according to the County Defendants, "the complaint does not identify any legal right conferred upon Plaintiff that would personally entitle her to obtain copies of evidence contained in the Public Defender's criminal defense file." County Mot. at 11.

Fundamentally, questions of standing turn on "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Allen, 468 U.S. at 752. As discussed above, a plaintiff must establish (1) that they have suffered an injury-in-fact, (2) that their injury is traceable to a defendant's conduct, and (3) that their injury would likely be redressed by a favorable decision. See Lujan, 504 U.S. at 560–61. The County Defendants assert that Plaintiff has not established that she has suffered an injury-in-fact.

1.	Injury-In-Fact

To establish an injury-in-fact, a plaintiff must show that they suffered an "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan, 504 U.S. at 559–60). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id. Although a "concrete" injury can be either tangible or intangible, it must nonetheless actually exist. TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021).

Plaintiff's alleged harm is her inability to obtain body camera footage. Compl. at 6. However, she does not allege that she has any "legally protected interest" in the body camera footage, given that the footage is the property of the City of Santa Rosa and in her son's criminal defense file. Nor can the Court find any authority that would support such a proposition. While Plaintiff's allegations of her son's injury are serious, those alleged injuries did not happen to Plaintiff, and she is not the one who has standing to bring an

6

action for excessive force. That Plaintiff is related to the person alleged to have suffered injury is not sufficient to establish standing without a concrete injury-in-fact to herself.

Because Plaintiff has not established that she suffered an injury-in-fact based on any Defendants' failure to give her the body camera footage, she has no standing to bring either her section 1983 claim or her obstruction of justice claim.

### 2. Power of Attorney Does Not Remedy Standing

Plaintiff asserts that the power of attorney signed by Johnson "[granted] her the right and authority to obtain the police body camera footage" and gave her "a property right" in the footage, therefore conferring standing. County Opp'n (dkt. 19) at 2. The County Defendants respond that the power of attorney does not confer or transfer "any substantive right" or "provide any actual authority to [Plaintiff], substantively or procedurally." County Mot. at 11. The City Defendants similarly argue that the power of attorney, assuming it is valid, "does not confer any constitutional right upon [Plaintiff], nor does it entitle her to pursue a civil rights claim on behalf of her son in federal court." City Mot. at 6.

Plaintiffs have standing to seek redress for injuries done to them, "but may not seek redress for injuries done to others." Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972). A power of attorney does not change this fact. See e.g., Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). The Ninth Circuit has specifically held that a power of attorney is insufficient to confer standing, including for due process claims. Id. ("[C]onstitutional claims are personal and cannot be asserted vicariously."). Therefore, the power of attorney does not give Plaintiff standing, and she points to no other reason why she has standing to bring a claim on behalf of her son.

Accordingly, the Court concludes that Plaintiff's claims against the Defendants should be dismissed for lack of jurisdiction. See Fed. R. Civ. P. 12(b)(1).

### B. Failure to State a Claim

Even if Plaintiff did have standing to bring her claims, the Court concludes that (1) she fails to state a claim under 42 U.S.C. § 1983 because she does not allege a violation of

a constitutional right; and (2) she fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action.

### 1. Failure to State a Claim Under 42 U.S.C. § 1983

To state a claim under section 1983, a plaintiff must plausibly allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Defendants argue that Plaintiff fails to state a claim under 42 U.S.C. § 1983 because she has not alleged a violation of a constitutional right.[4] County Mot. at 13; City Mot. at 8.

First, the County Defendants argue that Plaintiff has no property interest in obtaining the body camera footage from the Public Defender's Office, and therefore she cannot plausibly assert a due process violation. County Mot. at 13. Similarly, the City Defendants argue that Plaintiff has not alleged that she has a constitutional right to "access discovery in a criminal case to which she is not a party." City Mot. at 8. The Defendants are correct. To establish a due process violation "a plaintiff must . . . show a government deprivation of life, liberty, or property" in a way that "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (citations omitted). Plaintiff cites no authority, nor can the Court find any, that supports the proposition that Plaintiff has a property interest in the materials in her son's criminal defense file.

Second, the County Defendants argue that "the Fourteenth Amendment does not recognize a due process right to 'reasonable cooperation' to obtain copies of someone else's criminal defense file for purposes of filing a future civil action." County Mot. at 14. Again, the Court agrees. The Court found no authority that suggests that either the County

---

[4] The County Defendants also argue that Manai, as Johnson's attorney, was not acting under color of state law. See County Mot. at 13. The Court tends to agree that Manai was performing a lawyer's "traditional function" to keep evidence related to the representation of her client confidential when not giving Plaintiff the body camera footage, and thus was not a state actor. See Polk Cnty v. Dodson, 454 U.S. 312, 318–19 (1981). But because Plaintiff fails to allege the violation of a constitutional right, the Court need not reach this issue.

Defendants or the City Defendants owe a duty to provide evidence from a defendant's criminal case file to a family member who wants to bring a civil action on the defendant's behalf. In fact, even a criminal defendant <u>himself</u> does not have a constitutional right to copies of evidence from his own criminal defense file. <u>See</u> <u>Torres v. Saba</u>, No. 17-cv-06587-SI, 2019 WL 111039 at *6 (N.D. Cal. Jan. 4, 2019) (Illston, J.) ("The court concludes that a criminal defendant has no federal constitutional right to photocopies of the discovery that has been provided to the defense in his criminal case.").

For these reasons, Plaintiff fails to state a claim under 42 U.S.C. § 1983.[5]

### 2. Failure to State a Claim Under 18 U.S.C. § 1503

Plaintiff claims that Defendants' conduct constituted an obstruction of justice in violation of 18 U.S.C. § 1503. Compl. at 6. Both the County Defendants and City Defendants argue that Plaintiff "cannot plead a cognizable claim for obstruction of justice pursuant to 18 U.S.C. § 1503" because (1) the statute provides no private cause of action for civil liability and (2) even if it did, Plaintiff fails to plausibly allege that the elements of the statute are met. County Mot. at 15–16; City Mot. at 13.

The Defendants are correct on both points. First, "18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action." <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1482 (9th Cir. 1997) (overruled on other grounds by <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896 (9th Cir. 2012) (en banc)). Second, 18 U.S.C. § 1503 is inapplicable to the facts here. The statute prohibits the intimidation or influence of "any grand or petit juror" or "officer in or of any court of the United States" or "any . . . officer who may be serving . . . before any United States magistrate judge" by "threats or force." 18 U.S.C. § 1503. Plaintiff has not alleged that Defendants have influenced or intimidated any juror or officer of any court. Therefore, even if the statute did provide a private right of action, Plaintiff

---

[5] Even if Plaintiff had alleged a violation of a constitutional right, her section 1983 claim would still fail under <u>Monell v. Dept. of Soc. Servs. of City of New York</u>, because Plaintiff has not alleged that the denial of the footage was pursuant to a Sonoma County or City of Santa Rosa policy or custom, or the decision of a final policymaker. 436 U.S. 658, 694 (1978).

has not plausibly alleged a claim for obstruction of justice.

Accordingly, Plaintiff fails to state a claim under 18 U.S.C. § 1503.

## IV. LEAVE TO AMEND

Both the County Defendants and City Defendants request that, should the Court grant their motions, the Plaintiff not be granted leave to amend her complaint. See County Mot. at 17; City Mot. at 13. A complaint can only be dismissed without leave to amend when it is clear the claims cannot be saved by amendment. Swartz, 476 F.3d at 760. That is the case here: Plaintiff cannot remedy her lack of standing or failure to state a claim with an amendment.

Plaintiff cannot remedy standing because no amendment can change the fact that she is not the injured party in this case. She cannot remedy her section 1983 claim because no amendment can establish that her inability to access her son's body camera footage is a violation of her constitutional rights. And she cannot remedy her obstruction of justice claim because the statute is criminal and provides no civil cause of action. Therefore, Plaintiff's complaint is properly dismissed with prejudice. Id.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS both the County Defendants' and the City Defendants' motions and DISMISSES Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: March 29, 2024

CHARLES R. BREYER
United States District Judge